IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEREMY O'BRYAN WESTOVER,<br><br>Plaintiff,<br><br>vs.<br><br>BROWNING, KALECZYC, BERRY & HOVEN, P.C., and TROY L. BENTON, individually,<br><br>Defendants. | CV 26-70-BU-TJC<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Jeremy O'Bryan Westover ("Plaintiff"), a self-represented litigant, has filed a Complaint against Defendants Browning, Kaleczyc, Berry, & Hoven, P.C. and Troy L. Benton (collectively "Defendants"). Plaintiff asserts claims for violation of his constitutional rights under 42 U.S.C. § 1983, violation of the Fair Housing Act, 42 U.S.C. § 3617, fraud on the court, abuse of process, and intentional infliction of emotional distress. (Doc. 2.)

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has moved to proceed in forma pauperis. He has adequately shown that he is unable to pay the $405.00 filing fee. His motion (Doc. 1) will be granted, and the filing fee will be waived.

## II. SCREENING

When a litigant proceeds in forma pauperis, the Court must dismiss the case if it is determined that the action (1) is frivolous or malicious, (2) fails to state claim on which relief may be granted, or (3) seeks monetary relief against defendants who are immune. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is malicious if it is "filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege "the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardu*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Courts must briefly explain deficiencies that may be cured by amendment, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but "need not provide great detail or . . . act as legal advisors" to the plaintiff. *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

## III. PLAINTIFF'S CLAIMS

In his Complaint, Plaintiff states that he was evicted from his apartment on June 25, 2026, following eviction proceedings filed by Apartment Management Consultants, LLC ("AMC"). Plaintiff alleges Defendants represented AMC in the eviction proceedings, and in the course of those proceedings, engaged in misconduct. As a result, Plaintiff alleges he has become homeless and been separated from his emotional support animal.

### A. Count I – 42 U.S.C. § 1983

Plaintiff alleges Defendants violated his constitutional rights to access the courts under the First Amendment and the Due Process Clause of the Fourteenth

Amendment. (Doc. 2 at 5-6.) To state a claim under 42 U.S.C. § 1983, a plaintiff must establish two essential elements: "(1) that a right secured by the Constitution of laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999), citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992).

Here, Plaintiff's §1983 claim fails on the second prong because Defendants are a private law firm and a private attorney, and Plaintiff has not alleged any facts to establish state action. Plaintiff asserts only that Defendants acted "under color of state law as officers of the court and in conjunction with state court proceedings." (Doc. 2 at 6.) But Defendants' "conduct as a private attorney, even if performed inadequately or improperly, does not give rise to a claim under § 1983." *Abts v. Patricia A. Marr, LLC*, 2026 WL 412452, *1 (D. Nev. Feb. 11, 2026). *See also Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) (noting "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Wood v. Cty. of Contra Costa*, 2022 WL 3681309, *1 (9th Cir. Aug. 25, 2022) (stating "an attorney is not a state actor under § 1983"); *Anderson v. Kitchen*, 389 Fed. Appx. 838, *1 (10th Cir.

July 30, 2010) (holding private party defendants who allegedly misled a state court judge in connection with an eviction proceeding were not state actors for purposes of §1983).

Accordingly, the Court will recommend that Plaintiff's §1983 claim be dismissed without leave to amend. *See e.g. Wood*, 2022 WL 3681309 at *1 (affirming dismissal with prejudice of pro se plaintiff's §1983 claim against a private attorney); *Robinson v. Borzakian*, 2022 WL 885148, *1 (9th Cir. Mar. 25, 2022) (affirming dismissal with prejudice of the pro se plaintiff's "claims ... against [his] appointed counsel because court-appointed attorneys are not state actors under [Section] 1983").

**B. Count II – 42 U.S.C. § 3617**

Plaintiff alleges Defendants are liable for violating § 3617 of the Fair Housing Act by interfering with his Fair Housing rights. (Doc. 2 at 6.) Section 3617 of the Fair Housing Act prohibits the coercion, intimidation, threatening, or interference with any person in the exercise or enjoyment of rights protected by other provisions of the FHA. 42 U.S.C. § 3617; *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1142 (9th Cir. 2024). To state a claim under §3617, a plaintiff must allege facts showing "(1) [he] was engaged in an activity protected by the FHA; (2) the defendant subjected [him] to an adverse action causally linked with the plaintiff's exercise of a protected activity, and (3)

the plaintiff suffered injury." *Sudar v. Nevada Hand Inc.*, 2026 WL 2078289, *4 (D. Nev. July 18, 2026).

Here, Plaintiff alleges that he was exercising his rights under the Fair Housing Act by pursuing Fair Housing claims against AMC for discrimination, denial of accommodation, and retaliation. (Doc. 2 at 6.) He asserts Defendants subjected him to adverse action by filing false certifications to prevent him from defending his Fair Housing case, denying him access to court documents to pursue his case, and by threatening his emotional support animal. Plaintiff further asserts he has suffered injury as a result, including prolonged homelessness, separation from his emotional support animal, financial losses, and exacerbation of his disabilities.

For purposes of this prescreening, the Court finds Plaintiff has stated sufficient facts to allege a violation of §3617.

**C. Count III - Fraud on the Court**

Plaintiff alleges Defendants committed fraud on the court during the course of the state court proceedings. Extrinsic fraud on a court "is conduct which prevents a party from presenting his claim in court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Under Montana law, extrinsic fraud on the court is defined as "some intentional act or conduct by which the prevailing party has

prevented the unsuccessful party from having a fair submission of the controversy." *In re Marriage of Doyle*, 929 P.2d 886, 889 (1996).

Here, Plaintiff has alleged that Defendants committed extrinsic fraud on the state court by filing false certificates of service with the intent to deceive the court and prevent Plaintiff from receiving documents. Construed liberally, the Court finds Plaintiff's allegations are sufficient for purposes of prescreening.

**D. Count IV - Abuse of Process**

Plaintiff alleges Defendants engaged in abuse of process in connection with the state court proceedings. Under Montana law, a plaintiff alleging abuse of process must prove: (1) "a willful use of process not proper in the regular conduct of the proceeding;" and (2) "that the process was used for an ulterior purpose." *Spoja v. White*, 317 P.3d 153, 157 (Mont. 2014). The legal process itself does not have to be unlawful to support an abuse of process claim. Rather, "[t]he legal process must be 'put to a use perverted beyond its intended purpose.'" *Salminen v. Morrison & Frampton, PLLP*, 339 P.3d 602, 610 (Mont. 2014) citing *Brault v. Smith,* 679 P.2d 236, 240 (1984).

Here, Plaintiff alleges Defendants willfully used legal process, including service of process and certifications of service, for the ulterior purpose of denying Plaintiff access to court documents and to prevent him from defending his Fair

Housing case. Liberally construed, the Court finds Plaintiff has stated sufficient facts to allege abuse of process for purposes of prescreening.

### E. Count V - Intentional Infliction of Emotional Distress

Finally, Plaintiff alleges Defendants engaged in conduct that caused him severe emotional distress. Montana law recognizes an independent cause of action for infliction of emotional distress "under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent or intentional act or omission." *Sacco v. High Country Ind. Press., Inc.*, 896 P.2d 411, 429 (Mont. 1995). Plaintiff must ultimately satisfy a high standard of evidentiary proof to succeed on an emotional distress claim. He will be required to establish that the emotional distress he suffered was "so severe that no reasonable person could be expected to endure it." *Feller v. First Interstate Bancsystem, Inc.*, 299 P.3d 338, 344 (Mont. 2013). The Montana Supreme Court has clarified, however, that "[i]n cases where there is physical manifestation of bodily harm resulting from emotional distress, such as PTSD, this bodily harm is sufficient evidence that the emotional distress suffered by the plaintiff is genuine and severe." *Henricksen v. State*, 84 P.3d 38, 55 (Mont. 2004). At the pleading stage, Plaintiff need only allege facts to plausibly support the claim that he has suffered serious or severe emotional distress, and the Court must draw all reasonable inferences from the facts in his favor. *Gen. Conf. Corp. of Seventh–*

*Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989).

Here, Plaintiff alleges that Defendants engaged in extreme and outrageous conduct by threatening to have his emotional support animal adopted out one day after Plaintiff had been discharged from psychiatric hospitalization, by exploiting his homelessness and disability for procedural advantage, and by filing false certifications to deny Plaintiff access to justice. (Doc. 2 at 8.) Plaintiff asserts that as a result of Defendants' actions, he suffered anxiety and fear about losing his service animal permanently, exacerbation of his PTSD, depression and anxiety, psychological harm, and humiliation and loss of dignity. (*Id.*)

For purposes of prescreening, the Court finds these allegations are sufficient to state a claim for infliction of emotional distress.

## IV. STATE BAR COMPLAINT

The Court notes that Plaintiff has filed a document titled "Notice of Bar Complaint Filed Against Defendant Troy Bentson." (Doc. 5.) To the extent Plaintiff intends to assert a cause of action through the bar complaint, or requests the Court to adjudicate the bar complaint, Plaintiff's request is denied. "The punishment for violation of the Rules of Professional Conduct is a matter within the purview of the State Bar, not of a court presiding over the affected case." *Fabricius v. Tulare Cty.*, 2017 WL 2633421, *6-7 (E.D. Cal. June 19, 2017)

(finding the plaintiff could not state a cause of action for perceived violations of the Rules of Professional Conduct).

## V. NOTICE OF INTENT TO SEEK RULE 11 SANCTIONS

Plaintiff also attached a Notice of Intent to Seek Rule 11 Sanction and Attorneys' Fees and Costs to his Complaint. (Doc. 2-1.) It appears Plaintiff intends to pursue Rule 11 sanctions against Defendants based upon their conduct in the state court proceedings. Rule 11, however, is a Federal Rule of Civil Procedure and does not apply to filings made in state court. *Peabody v. Maud Van Cortland Hill Schroll Tr.*, 892 F.2d 772, 777 (9th Cir. 1989) ("Rule 11 sanctions can be imposed only for actions taken in federal court."); *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir. 1987) ("We hold that sanctions cannot be imposed under Rule 11 for filing a paper in state court.").

Accordingly, Plaintiff's motion for Rule 11 sanctions will be denied.

## VI. MOTION FOR EXPEDITED DISCOVERY

Finally, Plaintiff has filed a Motion for Expedited Discovery (Doc. 8), asking the Court to shorten the discovery deadlines in this case. The motion is premature. The Court will set discovery deadlines and a case management conference after Defendants have received service and notice of this action, and have appeared. Accordingly, Plaintiff's motion will be denied without prejudice.

/ / /

## VII. CONCLUSION

Liberally construing Plaintiff's Complaint, the Court cannot say at this stage in the proceedings that the claims in Counts II through V are frivolous or malicious, fail to state a claim, or seek monetary relief against defendants who are immune. The Court makes no conclusions about the truth of Plaintiff's allegations or about the strength of his claims or of the evidence he might offer to establish them. The Court only finds that Plaintiff has said enough to require a response from Defendants as to Counts II through V.

Plaintiff has not, however, provided the Court with an appropriate address for service on Defendants. A plaintiff proceeding in forma pauperis must provide accurate and sufficient information to effect service. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)(*overruled on other grounds Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)); *see also* Fed. R. Civ. P. 4. Accordingly, the Court will recommend that Plaintiff be ordered to provide the Court with accurate and sufficient information to effect service. Plaintiff is warned that if he fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, the Court may sua sponte dismiss the unserved defendants. *Walker*, 14 F.3d at 1422.

/ / /

/ / /

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **GRANTED**. The clerk shall waive payment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 1) to remove the word "LODGED."

3. To the extent Plaintiff is moving for Rule 11 sanctions (Doc. 2-1) the motion is **DENIED**.

4. Plaintiff's Motion for Expedited Discovery (Doc. 8) is **DENIED** without prejudice as premature.

5. At all times during the pendency of this action, Plaintiff must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** as follows:

1. Plaintiff's § 1983 claim in Count I of the Complaint should be **DISMISSED** without leave to amend.

2. To the extent Plaintiff is asserting a claim based on the Notice of Bar Complaint, the claim should be **DISMISSED** without leave to amend.

3. The Court should order that Plaintiff's Complaint and summons be served by the United States Marshal. Fed. R. Civ. P. 4(c)(3).

4. Plaintiff should be directed to file a notice within twenty one (21) days which provides the Court with an appropriate address for service on Defendants.

**NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Plaintiff may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of July, 2026.

TIMOTHY J. CAVAN
United States Magistrate Judge